## SUPREME COURT.

### CORNING agt. POWERS and OTHERS, EXECUTORS, &c.

On the trial at the circuit, the court directed a verdict for the plaintiff for $5,000, subject to the opinion of the supreme court, on a case to be made by the plaintiff's attorneys, and "*court to allow such interest, if any, as they deem the plaintiff entitled to,* with liberty to either party to turn the case to be made into a bill of exceptions." On the argument of the case at general term, that court made its decision, which was entered as follows: "Erastus Corning agt. S. Sherwood Day. Judgment for plff. for $5,000, and interest from demand."

On a motion to correct this entry and for judgment, &c., *held,* that to say nothing of the defect in the title of the cause, the directions filed at general term were entirely insufficient to enable the clerk to perfect a judgment. They do not contain "a final determination of the rights of the parties."

But the order could not be amended or vacated at a *special term,* because it was a question *affecting the judgment* given at the *general term.* Such an application should be made only at general term. It is otherwise, where the application does not involve any question affecting the judgment.

That is, in all cases of irregularity *merely,* or to open a default, and in every case where the court at general term do not pass upon any portion of the *merits,* the motion is properly made at *special term.*

*Albany Special Term, July,* 1853. Motion to vacate rule for judgment, or for other relief. Upon the trial of this action, at the Greene Circuit, in December, 1848, the court directed a verdict for the plaintiff for $5,000, subject to the opinion of the supreme court, on a case to be made by the plaintiff's attorneys, and *court to allow such interest, if any, as they deem the plaintiff entitled to,* with liberty to either party to turn the case to be made into a bill of exceptions. A case was made, and the cause argued before the general term in May, 1850. In the list of decisions filed with the clerk at the general term held at Albany, in May, 1851, the following entry was made : "Erastus Corning agt. S. Sherwood Day. Judgment for plff. for $5,000, and interest from demand." This entry was transcribed by the clerk into the judgment-book kept by him. No other decision or order for judgment has been entered, and no proceedings, on the part of the plaintiff, for the purpose of perfecting judgment, have been taken.

In June, 1851, the defendants' attorneys served a bill of ex-

Corning agt. Powers and others, Executors, &c.

ceptions, as proposed by them, which was settled by the lapse of time, and finally signed by the judge who tried the cause in August, 1851. Believing, as they state, that a final decision in the action had been made, and that an appeal could not be brought until judgment should be perfected, the defendants' attorneys frequently applied to the plaintiff's attorney to enter and perfect his judgment. The defendants in this action are James Powers, Edgar B. Day, and S. Sherwood Day, executors, &c., of Orrin Day, deceased.

The defendants moved that the decision or judgment of the court on the case be made and entered in this cause, and against all the defendants, as executors of Orrin Day, as of the term when the motion should be made ; that the court direct, order, and determine, in and by its decision and judgment, the amount to be recovered ; that the court ascertain, direct, and order the amount of interest to be recovered, or determine from what time interest shall be computed, and that the plaintiff be required to perfect his judgment, and file a judgment roll. The action was brought in May, 1848, and it appeared upon the trial that the money, for the recovery of which the action was brought, had been demanded of the executors *within a year* before the suit was brought.

M. Sanford, *for Plaintiff.*
H. Hogeboom, *for Defendants.*

Harris, Justice.—I am inclined to think that the decision entered in May, 1851, is too imperfect and uncertain to be allowed to stand, without amendment, as the "final determination of the rights of the parties." It having been referred to the court, at a general term, to give such judgment in the case as ought to have been given at the circuit, it was the duty of that court so to declare that judgment as that the clerk could properly enter it. It should have had all the certainty requisite in a verdict. Suppose, instead of withdrawing the case from the consideration of the jury, it had been submitted to them, with directions to find a general verdict, and to assess the damages, if such verdict should be for the plaintiff,

would it be enough for the jury to say that they had found a verdict for the plaintiff, and had assessed his damages at $5,000 *and interest from demand?* How could judgment be perfected upon such a verdict? Who should determine the amount of the recovery? In this case, what amount of interest shall be added to the verdict? The maxim, *id certum est, quod certum reddi potest,* cannot apply to such a case. There is nothing by which the clerk can determine, with certainty, what amount of interest the court intended to award. It would not be for him to look into the case to find out, if he could, what the court intended; or, if he had, he would have found merely that the demand to which the court probably referred was made *some time* within a year preceding the commencement of the suit, and that the suit was commenced *some time* in the month of May, 1848. To say nothing of the defect in the title of the cause, I regard the directions filed in May, 1851, as entirely insufficient, without amendment, to enable the clerk to perfect a judgment. They do not contain " a final determination of the rights of the parties."

But whether this order should be amended by correcting the title and specifying the amount to be recovered by the plaintiff, thus depriving the defendants of the right to appeal, or whether it should be vacated and a new order entered, is a question which ought not, I think, to be decided at a special term.

The 27th rule of this court requires all non-enumerated motions, except when otherwise directed by law, to be heard at a special term. I have no doubt of the authority of the court, at special term, to determine questions of practice, even though they involve the regularity of proceedings at the general term. It was no unusual thing in the old supreme court to apply at special term for relief against a rule obtained at a general term. It was only when the relief sought affected the adjudication which had been actually made, that it was deemed necessary to apply for such relief at the general term. If, in this case, the application had been made to correct the error in the title of the cause, or had involved any other question not affecting the judgment which had been pronounced, I do not see

that the power or propriety of giving effect to that judgment, by an order at special term, could be questioned. But when, as in this case, the application is to vacate the order directed by the general term, and to declare what was, in fact, the judgment which the general term intended to render in the case, such application should be made at a general term. Even if the special term has jurisdiction—and it may be that it has—it would appear a little unseemly for a court held by a single judge thus to intermeddle with an adjudication made by a court composed of three judges. To avoid this unseemliness, if for no other reason, I think the better practice would be to apply at a general term only for relief against the proceedings had at a general term. Following this suggestion I shall deny this motion, but without costs, and with liberty to the defendants to renew it at the next general term.

NOTE.—Application was subsequently made at a general term, and the rule for judgment was vacated, and judgment rendered for the plaintiff for $5,000, with interest from the first day of June 1848.